IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PATRICIA JOHNSTON							PLAINTIFF

vs.					Civil No. 4:14-cv-04050

CAROLYN W. COLVIN							DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Patricia Johnston ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability application on December 7, 2011. (Tr. 11). Plaintiff alleges being disabled due to degenerative disc disease and migraine headaches. (Tr. 163). This application was denied initially and again upon reconsideration. (Tr. 84-85). Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 96-105).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr."

1

On January 9, 2013, this hearing was held in Shreveport, Louisiana. (Tr. 65-83). Plaintiff was present at this hearing and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Russell Bowden testified at this hearing. *Id.* During this hearing, Plaintiff testified she was sixty (60) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008). (Tr. 69). As for education, Plaintiff also testified she graduated from high school. (Tr. 70).

After this hearing, on August 30, 2013, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 8-21). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 13, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 27, 2011, her alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: cervical disc disease, migraine headaches, and fibromyalgia. (Tr. 13-17, Finding 3). The ALJ, however, also found Plaintiff's impairments, singularly or in combination, did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 17, Finding 4).

The ALJ then evaluated Plaintiff's subjective complaints and her Residual Functional Capacity ("RFC"). (Tr. 17-20, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not credible to the extent he alleged. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except no overhead reaching with the non-dominant (helper) left upper extremity.

*Id.*

Considering her RFC, the ALJ determined Plaintiff retained the capacity to perform her Past

Relevant Work ("PRW") as an x-ray technician. (Tr. 20-21, Finding 6). The VE testified at the administrative hearing on this issue. *Id.* Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from June 27, 2011 through the date of his decision or through August 30, 2013. (Tr. 21, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7). On February 28, 2014, the Appeals Council denied this request for review. (Tr. 1-3). On April 1, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 2, 2014. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ's decision is not supported by substantial evidence because her migraine headaches do impose significant limitations on her; (2) the ALJ erred in finding she retained the RFC for light work; and (3) the ALJ erred in presenting his hypothetical to the VE. ECF No. 10. After reviewing these arguments, the Court agrees with Plaintiff's second argument and finds the ALJ's RFC determination is not supported by substantial evidence in the record. Accordingly, the Court will only address this issue.

In a social security disability case, the ALJ is responsible for determining a claimant's RFC based upon all of the relevant evidence. *See Jones v. Astrue,* 619 F.3d 963, 971 (8th Cir. 2010). The relevant evidence includes the claimant's own description of his or her limitations, the claimant's medical records, and observations of the claimant's treating physicians and others. *Id.* The ALJ's RFC determination must also be supported by "some" medical evidence. *See Perks v. Astrue,* 687 F.3d 1086, 1092 (8th Cir. 2012).

In the present action, the ALJ reviewed essentially none of Plaintiff's medical records in assessing Plaintiff's RFC. In this case, there are over two-hundred pages of medical records. (Tr. 212-419). While the ALJ considered those medical records in assessing whether Plaintiff's impairments met the requirements of one of the Listings, the ALJ barely referenced those records in assessing Plaintiff's RFC. (Tr. 8-21). Indeed, in his RFC evaluation, instead of methodically evaluating those medical records, the ALJ summarily discounted any medical findings demonstrating Plaintiff is disabled. (Tr. 17-20). It appears the ALJ chose to focus on those medical records which support his decision. *Id.*

Of great significance, the ALJ discounted nearly all of Plaintiff's subjective complaints of disability due to migraine headaches. (Tr. 20). Plaintiff has received consistent treatment for her migraine headaches throughout the relevant time period, and the ALJ did not even evaluate the medical records addressing this issue. (Tr. 17-20, 212-419). Thus, the Court finds this case is not supported by substantial evidence in the record and should be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of March 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE